IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevara Gee, | ) | Civil Action No.: 4:13-928-BHH |
| Plaintiff, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| Darlington County School District, | ) | |
| Defendant. | ) | |

The plaintiff Kevara Gee ("the plaintiff") filed this action against the Darlington County School District ("the defendant") alleging *inter alia* the defendant discriminated against him because of his sex in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) *et seq*. He also has pled a state law claim for breach of contract.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that the defendant's Motion for Summary Judgment be granted in part and denied in part. (ECF No. 57.) Both the plaintiff and the defendant filed timely objections to the Report and Recommendation (ECF No. 59, 62) and the defendant filed a reply. (ECF No. 63.) For the reasons set forth herein, the Court adopts the Report and Recommendation, and the defendant's Motion for Summary Judgment is granted in part and denied in part.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff filed this matter on March 8, 2013, in the Darlington County Court of Common Pleas. (ECF No. 1.) The matter was removed to this court by the defendant, on April 8, 2013 (ECF No. 1.) On May 27, 2014, the defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 31.) After consideration of the plaintiff's response (ECF No. 42), and the defendant's reply (ECF No. 51), the magistrate judge issued a Report and Recommendation recommending that the defendant's Motion for Summary Judgment be granted as to the plaintiff's breach of contract claim and the Title VII claim arising out of the teacher assistant position filled by Jason Harris and denied as to the remainder of the plaintiff's Title VII claim. (ECF No. 57.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The plaintiff objects to the dismissal of his breach of contract claim. (ECF No. 59 at 5.) The defendant objects that the magistrate judge (1) erred in relying on alleged stray remarks of unidentified members of an interview team; 2) erroneously identified the date and timing of such alleged discriminatory comments; 3) to attach sufficient weight to the contemporaneous hiring of a male applicant; and 4) in finding that the qualifications of the plaintiff were demonstrably superior to at least one of the candidates hired. (ECF No. 62.) The defendant has also filed a reply to the plaintiff's objections. (ECF No. 63.)

The Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

The Court has serious concerns about the quality of the plaintiff's case. Typically, evidence, of the kind present here, suggests a real underlying concern of the employer as to the employee/applicant's overall personality and fitness for the work rather than some discriminatory intent against him for an immutable quality. And, our discrimination laws were not designed to police personality or likeability or even fitness conflicts and concerns; those are not actionable. But, it is not the Court's job to speculate as to the actual reasons, only to determine whether the reasons given have evidentiary support sufficient to preclude possible discrimination. Here, they do not but only in the most technical sense.

The magistrate judge to some extent, and the defendant more so, would consider whether the five positions, in a kind of isolation from one another, each independently satisfy the demands of *McDonnell Douglas*. This is a way to do it and one the undersigned

has in the past. But, the methodology feels a little too compartmentalized and artificial on the facts of this case. The plaintiff was denied five positions. Four were filled by female applicants. One of those female applicants, hired over the plaintiff, was unqualified in a way consistent with the requirements of *Heiko v. Colombo Savings Bank, F.S.B.*, 434 F.3d 249, 261-62 (4th Cir.2006). The decisionmaker was consistently the same. A comment about the appropriate and common gender of the typical applicant was made during the interview for one of the positions. And, so the exact chronology of the events is not entirely relevant; all such evidence is probative of the entire story and capable of reflecting on decisions before and after any particular piece of evidence. Taken together, a reasonable jury might infer that the defendant's reasoning for some or all such hiring decisions was pretextual. In contrast, the defendant's have the intervening hire of a male applicant to argue to the contrary. And, where such evidence might be dispositive of non-discrimination with respect to a single refusal to hire (that someone within the protected class was preferred over the plaintiff), in the context of the total narrative, here, the Court feels more comfortable that the consideration should be available to argue to a jury rather than a complete legal bar.

So, issues of a stray remark or the timing of it, to the Court, fall away largely. They are part of an overall presentation, which includes a pattern of rejection of the plaintiff for female applicants and at least one instance where the female applicant was unqualified. It is not an impressive case. It is legally sufficient at this stage. This may be a kind of lessen in brutal honesty. If the plaintiff is ill-suited for the work on a personal level, sometimes it is better to just admit as much. Under the proof scheme applicable to employment cases, disguising hiring decisions as performance or qualifications related,

when they are simply personality based, leaves the door open for second-guessing. The Court is not permitted to be too presupposing about the evidence and must, by the standard of review, be deferential to a possible case.

The Court, of course, would constantly reevaluate at trial the quality of the evidence as it is admitted and may yet find that some or all of the hiring decisions are inactionable. Certainly, the undersigned would agree with the recommendation of the magistrate judge as to the teaching position for which Jason Harris was hired – that it is not actionable. But, as stated, neither is it a death knell to the entire case.

The Court easily accepts the recommendation concerning the breach of contract claim. It is inarguable. As a matter of law, generalized harassment and anti-discrimination policies in a handbook do not constitute implied employment contracts. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp.2d 540, 560 (D.S.C. 2009) (granting summary judgment for employer on breach of implied contract claim and holding that, "This Court previously has held that the defendant's nondiscrimination policy 'does not constitute a promise altering the at-will employment relationship and giving rise to a breach-of-contract claim.' . . . The non-discrimination language in the defendant's Handbook will not sustain the plaintiff's cause of action for breach of contract."); *Fyall v. ATC/Ancon of South Carolina, L.P and Nat'l Express Corp.*, 2005 WL 2656962, at *4 (D.S.C. October 18, 2005). They are too indefinite. *See id.*

It is not an issue of offer and acceptance as the plaintiff argues. Handbooks may constitute contracts. But, the plaintiff is attempting to establish breach on the kind of policies that have been consistently deemed aspirational by courts and not actionable.

## CONCLUSION

The Court has carefully made a *de novo* review of the objections presented by both the plaintiff and defendant. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge and the objections, the undersigned adopts the Report and Recommendation incorporates it herein by specific reference to the extent consistent.

Therefore, it is ORDERED that the defendant's Motion for Summary Judgment (ECF No. 31) is GRANTED as to the plaintiff's breach of contract claim and as to any separate Title VII claim of the plaintiff arising exclusively from the teacher assistant position filled by Jason Harris. The motion is DENIED as to the remainder of the plaintiff's Title VII claim.

IT IS SO ORDERED.

<u>/s/Bruce Howe Hendricks</u>
United States District Judge

Greenville, South Carolina
March 17, 2015